[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs Maria and Antonio Correia, wife and husband, have filed a two-count action against the defendants Jeffrey and Eugene Massa, operator and owner, respectively, of a motor vehicle involved in a collision. In the first count the plaintiff Maria Correia alleges that she suffered personal injuries as a result of the negligent operation of the Massa vehicle. In the second count, the plaintiff Antonio Correia alleges loss of consortium.
The second count also contains the following paragraph:
 ¶ 15. As a direct and proximate result of said accident and carelessness and negligence of the Defendant, the Plaintiff wife suffered severe injuries and damages as hereinbefore described and the Plaintiff, Antonio Correia, has suffered the following injuries, some of which may be permanent:
 a. Mental anguish by being forced to witness the suffering endured by his wife and whereby his own nerves and health have been seriously and permanently shocked, weakened and impaired.
The defendants first requested that the complaint be revised by removing ¶ 15a because that paragraph essentially asserts a claim of bystander emotional distress, without the other requisite elements of such a claim. See, Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852
(1996). The plaintiff objected to the Request to Revise, and the court (Hodgson, J.) sustained the objection, holding that the "legal insufficiency of a pleading must be raised by a motion to strike." File, CT Page 13762 Doc. #106, August 20, 2001.
The defendants have now filed a Motion to Strike. Once again the defendants allege that paragraph 15a of the complaint pleads an element of the cause of action of bystander emotional distress, a cause of action that is not applicable in this case where it is conceded that Antonio Correia did not witness nor come upon the scene of the accident in which his wife was injured. The plaintiff, at oral argument, states that paragraph 15a is not intended to plead bystander emotional distress but only to explain or elaborate on the elements of loss of consortium. SeeHopson v. St. Mary's Hospital, 176 Conn. 485, 487, 408 A.2d 260 (1979).
The Supreme Court has defined consortium as encompassing "the services of the [injured spouse], the financial support of the [injured spouse], and the variety of intangible relations which exist between spouses living together in marriage." Jacoby v. Brinckerhoff, 250 Conn. 86, 90,735 A.2d 347 (1999), citing Prosser, Torts (4th Ed. 1971) § 124, pp. 881-82. These intangibles have also been defined as the constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage. Jacoby v. Brinckerhoff, supra.
Loss of consortium does not encompass, as an element of the cause of action, "mental anguish . . . [such that the spouse's] nerves and health have been seriously and permanently shocked, weakened and impaired." Complaint, ¶ 15a. That the husband of the injured spouse may suffer in this way is not in dispute. But such an impairment to his nerves and health is not a proper element of a claim for loss of consortium, nor is the state of suffering "mental anguish." Such language describes damages that may only be recovered in an action for infliction of emotional distress.
There is a significant risk of confusing the trier of fact by allowing this kind of hyperbole to creep into the plaintiff's delineation of the loss of consortium claim.
The court is aware that it is usually improper to order that only a paragraph of the complaint be stricken. Where that paragraph can be construed as an attempt to state a separate claim, a motion to strike may be granted. Zamstein v. Marvasti, 240 Conn. 549, 553, 692 A.2d 781
(1997). The court treats Paragraph 15a of the Complaint as such a separate claim. The Motion to Strike is granted.
Patty Jenkins Pittman, Judge